UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LENNIE DARTEZ MATHIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CARRIE BRIDGES, )<br>)<br>Respondent. ) | Case No. CIV-24-663-J |

## ORDER

Petitioner, a state prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2254 seeking habeas relief from a state court conviction. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin examined the Petition under Rule 4 of the Rules Governing Section 2254 Cases and issued a Report and Recommendation recommending that it be dismissed as second or successive [Doc. No. 8]. Petitioner has objected (Petr.'s Obj.) [Doc. No. 11], triggering de novo review.

## I.   Background

Relevant here, in 2008 a jury in Oklahoma County found Petitioner guilty of first-degree murder and he then agreed to a sentence of life imprisonment without the possibility of parole in exchange for the prosecution dismissing the Bill of Particulars seeking the death penalty. In 2011, Petitioner challenged that conviction in a § 2254 action in this Court, alleging that his sentencing plea was not knowing and voluntary and his attorney was constitutionally ineffective during the plea process. *See Mathis v. Jones*, CIV-11-694-C, Doc. No. 1 (W.D. Okla. June 20, 2011). The petition was dismissed on the merits, *see id.* Doc. Nos. 24, 28-29, and the Tenth Circuit dismissed Petitioner's appeal. *See Mathis v. Jones*, No. 12-6082 (10th Cir. July 23, 2012).

Petitioner filed the instant Petition in June 2024, challenging the same state court conviction but focusing significantly on the alleged errors during the jury trial. *See* [Doc. No. 1].

## II. Analysis

On review, Judge Erwin noted the procedural history and concluded that because Petitioner had already filed one § 2254 petition, the current Petition constitutes a second or successive request for habeas relief. As such, Petitioner must have the Tenth Circuit's authorization to proceed. With liberal construction, Petitioner appears to object on two grounds. First, he suggests that his Petition is not second or successive because (1) he is challenging alleged trial errors (as opposed to his sentencing plea) and (2) the Tenth Circuit deemed his ineffective assistance of counsel claim unexhausted. Second, he argues that Judge Erwin failed to consider his newly discovered evidence and that this evidence would show his Petition is not second and successive because his claims were not ripe in 2011 and/or the new evidence would authorize a second and successive petition. Petitioner also claims to be actually innocent.

Applying de novo review, the Court ADOPTS the Report and Recommendation. Petitioner's "habeas application is a second or successive application because it contests the same custody imposed by the same state-court judgment that he challenged in his first habeas application." *McGill v. Rankin*, No. 23-5014, 2023 WL 3716817, at *2 (10th Cir. May 30, 2023), *cert. denied*, 144 S. Ct. 430 (2023). And although Petitioner contends these new claims were not readily available to him in 2011, that "does not change the fact that he needs authorization to bring [a new Petition challenging the same state-court judgment]." *Id.* Moreover, while the Court noted in his first habeas challenge that Petitioner's ineffective assistance of counsel claim was unexhausted and ultimately procedurally barred, it also rejected the claim on the merits. *See Mathis v. Jones*, CIV-11-694-C, Doc. No. 24 at 14 & Doc. No. 28. And on appeal, the Tenth

Circuit held only that Petitioner had waived his ineffective counsel claims when he "failed to raise any . . . arguments in his objection to the magistrate's report and recommendation." *Id.*, Doc. No. 36 at 6.  Accordingly, the Court agrees with Judge Erwin's assessment that Petitioner's Petition is second or successive.

As to Petitioner's arguments involving his actual innocence and newly discovered evidence and whether his claims were unripe in 2011 and/or would otherwise authorize a second or successive application, these are misplaced in this Court.  Even if the Court found these arguments compelling, only the Tenth Circuit has the authority to permit a second or successive application. *See* 28 U.S.C. § 2244(3)(A); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

In sum, this Court lacks jurisdiction over the pending Petition.  Additionally, it appears that Petitioner is not relying on new evidence but a new way to present evidence via "3D animation." Petr.'s Obj. at 4.  As such, the Court finds that it is not in the interests of justice to transfer the action and, per Judge Erwin's recommendation, the Petition is DISMISSED without prejudice.

## III.  Conclusion

Having carefully reviewed the Petition, Report and Recommendation, and Petitioner's objection de novo, the Court agrees with Judge Erwin's analysis.  Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 8] and DISMISSES Petitioner's Petition [Doc. No. 1] as second or successive.  Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 19th day of August, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

4